UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERMANI MARIE MADDEN, | Case No. 2:23-cv-00306-ART-EJY |
| Plaintiff, | **ORDER and** |
| v. | **REPORT AND RECOMMENDATION**<br>**Re: ECF Nos. 1, 1-1** |
| MOLASKY CPORATE CENTER C/O ANNA JUAREZ, | |
| Defendant. | |

Pending before the Court is Plaintiff's *in forma pauperis* application and civil Complaint ECF Nos. 1, 1-1. Because the Court recommends dismissal of Plaintiff's Complaint, the Court denies as moot Plaintiff's *in forma pauperis* application.

## I.      SCREENING THE COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *Chappel v.*

2    *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  In making this determination, the

3    court treats all material factual allegations as true and construes these facts in the light most favorable

4    to the non-moving party.  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  While the

5    standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead

6    more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

7    A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

8    Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack

9    an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are

10    untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional

11    scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d

12    795, 798 (9th Cir. 1991).

13    **II.    DISCUSSION**

14        A.    <u>Plaintiff Fails to Establish Federal Court Jurisdiction</u>.

15    Plaintiff does not establish that this matter is properly before a federal court.  Federal courts

16    may *sua sponte* review whether a case establishes subject-matter jurisdiction and dismiss a case

17    when subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).  Subject matter jurisdiction is

18    established in two ways.  Federal district courts "have original jurisdiction"—referred to as federal

19    question jurisdiction—when the matter in controversy arises "under the Constitution, laws, or

20    treaties of the United States."[1]  The federal court has diversity jurisdiction when cases "where the

21    matter in controversy exceeds the sum or value of $75,000" and where the matter is between

22    "citizens of different States."[2]  The party filing a case in or removing a case to federal court has the

23    burden of establishing the court may properly exercise jurisdiction.  *McCauley v. Ford Motor Co.*,

24    264 F.3d 952, 957 (9th Cir. 2001), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S.

25    178, 189 (1936)).

26

27

28

---

[1]    28 U.S.C. § 1331.
[2]    28 U.S.C. § 1332(a).

Plaintiff asserts that he presents a "Federal question."  ECF No. 1-1 at 3.  However, the facts alleged indicate Plaintiff accuses the Molasky Corporate Center of defamation and intentional infliction of emotional distress, which are torts arising under state law.  *Melton v. Lawson*, Case No. 3:23-CV-00020-MMD-CLB, 2023 WL 1822638, at *3 (D. Nev. Jan. 20, 2023) ("[C]laims for defamation … are governed by state law.") (citation omitted); *O'Brien v. Wynn Las Vegas, LLC*, Case No. 2:17-cv-02801-JAD-DJA, 2020 WL 42790, at *1 (D. Nev. Jan. 3, 2020) (dismissing plaintiff's claim for intentional infliction of emotional distress due to the failure to satisfy federal jurisdiction).  Hence, Plaintiff fails to establish federal question jurisdiction under 28 U.S.C. § 1331 as there are no allegations made of the Molasky Corporate Center violating any federal law.  Plaintiff also fails to assert diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are Nevada residents.  ECF No. 1-1 at 1.

B.    <u>Plaintiff Fails to State a Claim Upon Which Relief May be Granted</u>.

The Court further notes that Plaintiff fails to state a claim upon which relief may be granted.  Plaintiff's Complaint is devoid of facts the Court may review to determine whether Plaintiff states cognizable claims.  The allegations against the Molasky Corporate Center, a building in downtown Las Vegas, appear to allege two state law claims—defamation and intentional infliction of emotional distress. ECF No. 1-1 at 4.  Plaintiff asserts that the Molasky Corporate Center (1) said Plaintiff was trespassing, (2) stopped her from making an appointment, (3) called the police unnecessarily, and (4) created an opportunity for Plaintiff's abusive counterpart to access Plaintiff's private information. *Id.*  Plaintiff contends these actions caused her economic losses, emotional anguish, loss of enjoyment of life, anxiety, impairment to her standing in the community, humiliation, shame, and disgrace. *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires Plaintiff plead sufficient facts to give Defendant fair notice of the legally cognizable claims asserted and the factual grounds upon which those claims rest.  Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699. "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of America, N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal.

Dec. 22, 2011).  Plaintiff's Complaint does not contain factual allegations that, when liberally construed, support a cognizable cause of action.  The vague references to an event that may have occurred on Molasky Corporate Center's premises involving law enforcement are insufficient to establish the elements of either defamation or intentional infliction of emotional distress.  ECF No. 1-1 at 4.  In sum, Plaintiff fails to state sufficient facts that would "nudge … [her] claims across the line from conceivable to plausible…." *Twombly*, 550 U.S. at 570.

C.      The Case Before the Court Duplicates a Previously Dismissed Case.

The Court finds Plaintiff previously filed suit in the District of Nevada against the Molasky Corporate Center alleging the identical facts, word-for-word, in her initial and amended complaints.  Case No. 2:22-cv-01227-JAD-DJA, ECF Nos. 1-1, 7.  The Court dismissed that case finding Plaintiff failed to state a viable claim.  *Id*., ECF No. 10.

District courts are empowered to dismiss a civil complaint "that merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2, *citing Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988); *see also Denton v. Hernandez*, 504 U.S. 25, 30, (1992) (discussing the need to prevent the filing by non-paying litigants of frivolous and repetitive lawsuits).  Because Plaintiff's instant Complaint is identical to a previously dismissed case, the Court finds this is an independent basis to dismiss this case without leave to amend.

**III.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

**IV.    RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice.

DATED this 4th day of April, 2023.

_____

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).